UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

EDDIE LUIS SOTO,

                        Plaintiff,

- against -

ECC INDUSTRIES, INC., et ano,

                       Defendants.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2005-4764 (BMC)(MDG)

    Plaintiff asserts claims arising from the termination of his employment against both his former employer, ECC Industries, Inc. ("ECC"), and Local 32B-32J, Service Employees International Union AFL-CIO for breach of the union's duties of fair representation. Plaintiff seeks to compel defendant ECC to disclose documents from the personnel files of two of plaintiff's former supervisors, Juan Hollman and Evita Tabares, so that his investigator may investigate whether these two non-parties engaged in an outside business. See plaintiff's motion for an extension of time to complete discovery (ct. doc. 16). At issue are the Social Security numbers and birth dates of these two non-parties, whom he contends were motivated to seek plaintiff's discharge after plaintiff discovered such improper activity. See transcript of conference on July 21, 2006 at 16-18.[1]

---

[1] At the July 21, 2006 conference, counsel for defendant ECC agreed to provide the addresses of the two employees, subject to a confidentiality order. Tr. at 17-18.

DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Relevance under Rule 26(b)(1) should be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). However, because individuals have a strong privacy interest in their Social Security numbers, such numbers should generally not be disclosed absent a showing of particularized need. Entral Group International, LLC v. YHCL Vision Corp., No. CV 05-1912 (ERK), -- F. Supp.2d ---, 2006 WL 1589844 at * 1 (E.D.N.Y. June 7, 2006). In addition, courts have found other personal information of non-parties, including home address and family information, should generally also be protected from disclosures. Andrews v. Cruz, NO. 04 CIV. 0566 (PAC)(RLE), 2006 WL 1984650, at *3 (S.D.N.Y. July 14, 2006) (upholding redaction).

After examining the additional submissions concerning the relevance of such personal information (ct. docs. 24, 26), this Court finds that plaintiff has failed to show particularized need for the personal information at issue. Even assuming that plaintiff's contention is correct that Mr. Hollmann and Ms. Tabares had interests in other businesses is true, plaintiff has not provided any support to demonstrate that he has a reasonable belief that such conduct in any way contributed to his treatment

or discharge. He has not disputed that he testified in his deposition that he never told either his employer or these two individuals prior to his discharge of his discovery of Mr. Hollmann and Ms. Tabares's involvement in outside businesses. Thus, his claim that the two were motivated to seek his discharge because of his discovery is highly speculative. <u>Collens v. City of New York</u>, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims").

## **CONCLUSION**

Plaintiff's application for the Social Security numbers and birth dates of these two non-parties is denied. Defendant ECC shall promptly produce the documents at issue, with the Social Security numbers and birth dates, but not the addresses, of Ms. Tabares and Mr. Hollman redacted. Counsel shall maintain the confidentiality of the addresses and may not disclose the addresses to any person, including the plaintiff. However, plaintiff's counsel may disclose the addresses to an investigator, provided disclosure is made for purposes of this action and the investigator agrees to maintain the confidentiality of the addresses.

**SO ORDERED.**

Dated: Brooklyn, New York
August 14, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE