UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

EDDIE LUIS SOTO,

                          Plaintiff,

- against -

ECC INDUSTRIES, INC., et ano,

                          Defendants.

- - - - - - - - - - - - - - - - - - -X

ORDER

CV 2005-4764 (BMC)(MDG)

    Plaintiff has filed a further application to compel discovery in this action brought under section 301 of the Labor Management Relations Act ("LRMA") concerning termination of plaintiff's employment by defendant ECC Industries, Inc. ("ECC") and the alleged breach by defendant Local 32BJ, Service Employees International Union AFL-CIO (the "union") of the union's duties of fair representation. See ct. doc. 33. Specifically, plaintiff seeks to compel compliance with subpoenas served on U.S. Cleaning, Evita Tabares and Juan Hollmann and to engage in further discovery concerning business dealings between U.S. Cleaning, Quality Cleaning and Ms. Tabares, Mr. Hollmann and defendant ECC. Id. at 1. Plaintiff contends that such discovery is relevant to defendant ECC's motive in terminating plaintiff's employment because ECC may have improperly channeled work to an alter ego, U.S. Cleaning, in violation of a collective bargaining agreement between the union and ECC. Id. at 2.

Both defendants argue in opposition that such discovery is highly speculative, as this Court discussed in an order filed on August 14, 2006 (ct. doc. 28) (the "prior order").

DISCUSSION

Subpoenas

This court first addresses the non-substantive arguments regarding the subpoenas. ECC argues that the subpoenas were not properly served while plaintiff challenges ECC's standing to quash subpoenas against the three non-parties.

Although ECC is correct that many courts in this Circuit have held that subpoenas must be personally served on the deponent, I agree with the view of a growing number of courts that subpoenas may be served via substitute service in accordance with Rule 4 of the Federal Rules of Civil Procedure. See, e.g., Ultradent Products, Inc. v. Hayman, No. M8-85 (RPP), 2002 WL 31119425, at *3-*4 (S.D.N.Y. Sept. 24, 2002) (service of subpoena on third party witness by certified mail was sufficient to satisfy Rule 45); Cordius Trust v. Kummerfeld, No. 99 CIV. 3200 (DLC), 2000 WL 10268, at *1 (S.D.N.Y. Jan. 3, 2000) (same); First City, Texas-Houston v. Rafidain Bank, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), aff'd, 281 F.3d 48 (2d Cir. 2002) (upholding service of subpoena by attaching a copy to the door and mailing a copy to witness' counsel); King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997).

This Court also rejects plaintiff's argument that this Court should not consider defendants' challenges to the subpoenas. Although plaintiff is correct that parties generally lack standing to move to quash a subpoena absent a privilege,[1] this Court will be considering the same arguments regarding the scope of discovery in addressing that part of plaintiff's motion for further discovery on ECC regarding its relationship with US Cleaning. ECC shares similar concerns over expansion of the scope of discovery as to Tabares and Hollmann, who are both are employees of ECC and were previously deposed while represented by counsel for ECC. Last, plaintiff does not appear to have made any effort to resolve the dispute with the subpoenaed parties as required by Local Civil Rule 37.3.

Scope of Discovery

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties "to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and, upon a showing of "good cause," to have a "court order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Information

---

[1] Ordinarily, "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motor Co., 513 F.2d 1121, 1126 (2d Cir. 1975); see also Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (party has no standing to challenge subpoena absent a personal right or privilege with respect to the subject matter requested in the subpoena) (citations omitted).

is relevant and discoverable so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Id.  In discussing the import of the 2000 amendment to Rule 26(b)(1) narrowing the scope of discovery, the Advisory Committee noted that "[t]he rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, ... depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id.

This Court previously examined the submissions concerning the relevance of information concerning the purported misconduct by ECC, Tabares and Hollman and their violation of the collective bargaining agreement. Ct. docs. 24, 26.  In finding that the discovery sought was too attenuated from the claims raised, this Court noted in the prior order that:

> Even assuming that plaintiff's contention is correct
> that Mr. Hollmann and Ms. Tabares had interests in
> other businesses ..., plaintiff has not provided any
> support to demonstrate that he has a reasonable belief
> that such conduct in any way contributed to his
> treatment or discharge.  He has not disputed that he
> testified in his deposition that he never told either
> his employer or these two individuals prior to his

discharge of his discovery of Mr. Hollmann and Ms.
Tabares's involvement in outside businesses.

As indicated at the last conference, this Court was willing to reconsider plaintiff's request for additional discovery on the outside business if plaintiff provided further reasons or other evidence. Plaintiff essentially repeats his earlier arguments that Tabares is related to Luis Vigoya, a former ECC employee now employed by US Cleaning, and that Tabares was not forthright in responding to questions regarding their relationship. Plaintiff also surmises that ECC's opposition reflects some sort of connection with US Cleaning. While impeachment information is oftentimes discoverable, plaintiff offers little to bolster his underlying conjecture that ECC, Tabares and Hollman were motivated to act against him because of their fear that plaintiff would discover the existence of this outside non-union business in contravention of the collective bargaining agreement. As previously noted, this is highly speculative in light of plaintiff's admission that he never voiced any suspicion to any person or at his grievance. Besides so admitting in his deposition, he states in his affidavit signed on August 11, 2005 submitted to the National Labor Relations Board that he was subject to retaliation because of his activities in protesting work conditions. <u>See</u> Exh. B to ct. doc. 35. Similarly, he alleges in the complaint that he "assisted other members of the bargaining unit with presenting employment issues to the Employer and the Union" and confronted his employer and supervisor "with

numerous issues concerning the Employer's improper conduct as to the terms and conditions of employment, such as confronting his supervisor about non-bargaining unit work which Soto should not have had to perform." Complaint at ¶¶ 12-13. There is no mention that he suspected that Tabares or Hollman engaged in improper non-union work or that he brought his suspicions to the attention of either defendant. Thus, I find that plaintiff still has not established good cause to expand the scope of discovery beyond the work conditions and activities alleged in the complaint. See Monaco v. Smith, NO. 00 CIV. 5845 (RMB), 2004 WL 203009 at *2 (S.D.N.Y. Feb. 2, 2004) (discussing order restricting discovery regarding improper conduct of defendant because of plaintiff's acknowledgment that discharge resulted from other causes).

## CONCLUSION

Plaintiff's letter application to compel and for further discovery is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 27, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE